UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KYAW NAING LING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No. 2:25-cv-00570-MPB-MJD |
| ) | |
| BRISON SWEARINGEN, ) | |
| TODD LYONS, ) | |
| PAMELA BONDI, ) | |
| KRISTI NOEM, ) | |
| Respondents. ) | |

**ORDER GRANTING PETITION FOR HABEAS CORPUS
AND DIRECTING FURTHER PROCEEDINGS**

Petitioner Kyaw Naing Ling is detained at the Clay County Jail in Brazil, Indiana, under the authority of U.S. Immigration and Customs Enforcement ("ICE"). He petitions for immediate release or, in the alternative, a bond redetermination hearing pursuant to 8 U.S.C. § 1226(a). The crux of his petition is that the only statute authorizing his detention makes him eligible for bond and that Respondents' refusal to consider bond makes his continued detention unlawful. The government argues in response that Petitioner's detention is lawful and that he is subject by statute to mandatory detention.

Collectively, the parties' submissions demonstrate that Petitioner is statutorily eligible for bond and that his continued detention without a bond hearing is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, the petition is granted.

**I. Background**

Petitioner was admitted to the United States on or about April 20, 2011, as a refugees from Burma, and acquired lawful permanent resident status in 2016. Dkt. 1 at 6. On February 1, 2018,

1

Petitioner was convicted in Marion County Superior Court of Level-6 Arson pursuant to Indiana Code § 35-43-1-1(d), and he was sentenced to 545 days of community corrections/home detention.

On September 8, 2025, The Department of Homeland Security charged Petitioner as removable under INA § 237(a)(2)(A)(iii) based on an aggravated felony "arson" offense described in 18 U.S.C. § 844(d)–(i), asserting that his Indiana arson conviction is an offense "described in" § 844(i) within the meaning of INA § 101(a)(43)(E)(i). *Id.*; dkt. 1-1 at 2, 5. ICE is currently holding Petitioner as a mandatory detainee under 8 U.S.C. § 1226(c). Dkt. 1 at 6. He has been in detention since his arrest.

Petitioner argues that he is not subject to mandatory detention pending resolution of his removal proceedings because, for purposes of § 1226(c), his 2018 Indiana conviction for arson, in violation of Indiana Code § 35-43-1-1(d), is not an aggravated felony. Instead, he argues that any detention is governed by 8 U.S.C. 1226(a), which provides for discretionary bond.

## II. Discussion

To determine whether Petitioner's conviction may serve as a predicate for detention under 8 U.S.C. § 1226(c), the Court uses the categorical approach, a method of statutory interpretation first described by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). The Seventh Circuit has explained and applied this approach many times before. *See, e.g.*, *United States v. Duncan*, 833 F.3d 751, 754 (7th Cir. 2016); *United States v. Misleveck*, 735 F.3d 983, 984 (7th Cir. 2013); *United States v. Ruth*, 966 F.3d 642, 646 (7th Cir. 2020).

In applying the categorical framework, the Court asks whether Indiana arson's "statutory definition substantially corresponds to [the corresponding federal statute]." *Taylor*, 495 U.S. at 602. The Court does not look to the facts of Petitioner's actual commission of the offense. *See id.* Petitioner's Indiana arson conviction will qualify as a § 1226(c) predicate "only if the statute's

elements are the same as, or narrower than," the elements of the federal arson statute. *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the elements of Indiana arson are broader, the mandatory detention prescribed by § 1226(c) does not apply. *See Mathis v. United States*, 579 U.S. 500, 509 (2016) (citing *Taylor*, 495 U.S. at 602). The focus on elements, the Supreme Court has explained, requires the Court to identify and examine only "the things the 'prosecution must prove to sustain a conviction.'" *Id.* at 504 (quoting *Elements, Black's Law Dictionary* (10th ed. 2014)).

Under Ind. Code § 35-43-1-1(d), "[a] person who, by means of fire, explosive, or destructive device, knowingly or intentionally damages property of another person without the other person's consent so that the resulting pecuniary loss is at least two hundred fifty dollars ($250) but less than five thousand dollars ($5,000) commits arson, a Level 6 felony." The Seventh Circuit has previously held that Indiana arson is "categorically broader than the generic offense of arson recognized as a violent felony in 18 U.S.C. § 924(e)(2)(B)(ii)," which the court found required "the intentional or malicious burning of any property."[1] *United States v. Gamez*, 89 F.4th 608, 610, 613 (7th Cir. 2024). The federal arson statute at issue here, 18 U.S.C.A. § 844(i), is somewhat broader and applies to anyone who "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce." Unlike the generic arson offense considered in *Gamez*, § 844(i) encompasses the use of either fire *or an explosive*, but its reach extends no further.

The Seventh Circuit analyzed the scope of Indiana's arson statute as follows:

Unlike generic arson, Indiana's 2002 arson statute does not require burning. The statute extends to property damage caused by "fire, explosive, *or destructive*

---

[1] Respondents urge the Court to adopt a modified categorical approach to the Indiana arson statute, suggesting that it is divisible and "proscribes multiple types of conduct, some of which would constitute an aggravated felony and some of which would not." Dkt. 11 at 5 (quoting *Parzych v. Garland*, 2 F.4th 1013, 1015 (7th Cir. 2021)). The *Gamez* court, however, did not do so and this Court sees no reason to second-guess its approach to the same statute here. *See Gamez*, 89 F.4th at 610 (applying the categorical approach in an analogous situation).

> *device.*" Ind. Code § 35-43-1-1(a) (2002) (emphasis added). If "destructive device" were limited to devices that cause fire, it would be duplicative of the terms "fire" and "explosive" that immediately precede it. *See Est. of Moreland v. Dieter*, 576 F.3d 691, 699 (7th Cir. 2009) (applying the well-established canon against surplusage when interpreting an Indiana statute). The statute's plain language does not permit such a construction. It defines "destructive device" to include "overpressure devices" and converted projectile launchers that operate "by the action of an explosive or other propellant." *See* Ind. Code § 35-47.5-2-4(a)(1)–(2). As Gamez points out, this would include non-incendiary weapons that operate by compressed air or another non-explosive propellant.

*Gamez*, 89 F.4th at 611.

The use of non-incendiary, non-explosive means, therefore, falls squarely within the Indiana arson statute, but outside § 844(i). As a result, *Gamez*, which is binding upon this Court, compels the finding that Indiana arson is categorically broader than the federal arson statute found at 18 U.S.C. § 844(i). Accordingly, conviction pursuant to Ind. Code § 35-43-1-1(d) cannot serve as the predicate for mandatory detention under 8 U.S.C. § 1226(c).

### III. Scope of Relief

Petitioner is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Petitioner requests immediate release from custody or, in the alternative, an individualized bond hearing before an immigration judge within seven days. Dkt. 1 at 10. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody).

However, the Court finds that it would not be in the interests of justice to order Petitioner's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a).

### IV. Conclusion

The Court **grants** the petition to the extent that **within seven (7) days of this Order, Respondents must either**: (1) provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); or (2) release him from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on December 15, 2025,** Respondents must file a notice with the Court certifying that they have complied with the Court's order. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Dated: December 4, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel of record